**In re RUNDELL.**
Patent Appeal No. 3208.

Court of Customs and Patent Appeals.
June 12, 1934.

Sydney I. Prescott, of New York City (George S. Hastings, of Brooklyn, N. Y., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting claims 13, 17, and 18 in appellant's application for a patent relating to a cigarette collector for high-speed cigarette machines of the continuous rod type.

Claims 13 and 18 are illustrative. They read:

"13. The combination with a device for guiding cigarettes delivered by a continuous rod cigarette machine into a pathway, of a cigarette forwarding surface moving at constant speed regardless of the speed of the cigarette machine and forming the bottom of said pathway, and mechanism for receiving and collecting cigarettes from said forwarding surface."

"18. A cigarette forwarding surface arranged to receive cigarettes from a continuous rod cigarette machine and moving at constant speed regardless of the speed of the cigarette machine, comprising a horizontal rotary disk."

The reference is: Wahlstrom (German), 256,436, February 12, 1913.

Appellant's mechanism includes, in combination with other elements, a rotary horizontal disk, which, as stated in the specification, is caused to run " * * * below two semi-circular walls or partitions which guide the cigarettes delivered to the disk in two paths onto two offset deflector plates from which the cigarettes fall side by side in two parallel rows onto a conveyor or collector belt, each row corresponding to one of the said paths. The cigarettes, which leave the cutoff device of the cigarette machine in a continuous single line or row, are led into an oscillating tubular guide swinging in synchronism with the cutoff knife, so that alternate cigarettes are assorted in two lines or rows, each line of cigarettes feeding one of the aforesaid paths. * * *

"The cigarettes are carried tangentially by the continuously running rotary disk around a semicircle and are thrown out of tangential alignment onto a belt traveling at constant speed obliquely across the path of the cigarettes, thereby guiding the same towards and onto the sides of the above mentioned deflector plates, which are provided with means for depositing the cigarettes in the desired position on the collector or delivery belt which is transversely disposed with respect to the deflector plates."

Appellant was allowed fifteen claims, which cover the specific mechanism disclosed in his application.

We quote claim 3 of the allowed claims: "3. The combination with a device for guiding cigarettes delivered by a continuous rod cigarette machine into a pathway, of a cigarette forwarding surface moving at constant speed regardless of the speed of the cigarette machine and forming the bottom of said pathway, *means for retarding cigarettes forwarded thereby,* and mechanism for receiving and collecting cigarettes from said forwarding surface, *said surface being frictionally driven by an adjustable friction wheel."* (Italics ours.)

The patent to Wahlstrom relates to a mechanism for sorting tipped cigarettes issuing from a guide channel of a cigarette machine. From the official translation of that patent it appears that: " * * * every second cigarette is turned over by a rotating disk and in particular the same is characterized by the fact that the rotating disk is fitted with tangential troughs, 2, 3 which in a radial direction are positioned at various distances from the axis of rotation in which case each cigarette will fall into one particular trough and after a certain amount of rotation of the disk will be pushed out of the trough by the strippers 4, 6 so that the two cigarettes will come to lie on a conveyor belt with their tips pointed in the same direction or else, in a simplified manner, one of the series of troughs might be omitted so that then every time one cigarette will directly onto the belt conveyor while the other falls into a trough in the rotating disk by which the second cigarette is so turned over that its tip will be pointed in the same direction as the tip of the first cigarette whereupon the cigarette is pushed by a stripper out of the trough whereby it falls with tip pointed in the same direction upon the belt conveyor."

It appears from the supplemental brief filed by counsel for appellant that he and the Solicitor for the Patent Office agree that the term "turn-table," rather than the term "rotating disk," which appears in the official translation of the German patent, more accurately describes the particular forwarding means employed by the patentee Wahlstrom.

The appealed claims were rejected by the tribunals of the Patent Office on two grounds: First, that they differed from the prior art only in that they included a statement "of a desired mode of operation"; second, that it would not involve invention broadly to rotate the horizontal rotary element, disclosed in the patent to Wahlstrom, at a constant rate of speed regardless of the speed of the cigarette machine.

Counsel for appellant has pointed out that there is nothing in the patent to Wahlstrom to suggest that his "turn-table" could be driven at a constant speed regardless of the speed of the cigarette machine, and that, in fact, if it were so driven, the device disclosed in the reference would be inoperative.

In reply to that argument, the Board of Appeals in its decision said: "While it may be true that there is no suggestion in Wahlstrom of driving the delivery mechanism at a constant speed we do not believe that appellant's contribution is of such a nature that he should be allowed claims that would prevent any one from driving the delivery mechanism of that patent at a constant speed, if desired, and if necessary providing some means so that the cigarettes could be properly fed to the delivery mechanism even if the cigarette making mechanism did not also function at the same speed. In this patent centrifugal force is not being utilized and it is immaterial as far as the action of the delivery mechanism is concerned whether it is driven at a constant speed or not."

It will be observed that claim 13 calls for a "cigarette forwarding surface moving at constant speed regardless of the speed of the cigarette machine." That claim does not state that the forwarding surface is either a horizontal "rotary disk" or a "turn-table," nor does it specify any means by which the forwarding surface may be caused to move at such constant speed.

Claims 17 and 18, respectively, refer to the forwarding surface as "including," and as "comprising," a horizontal rotary disk; but those claims do not specify any means by which such disk may be caused to move at a constant speed "regardless of the speed of the cigarette machine."

It is obvious from what has been said that the rejected claims are distinguishable from the reference only in that they contain statements of a desired mode of operation of a horizontal rotary disk. Those claims, therefore, are not patentable over the reference of record. Burr v. Duryee, 1 Wall. (68 U. S.) 531, 17 L. Ed. 650; Ex parte Landry, 1929 C. D. 8, 378 O. G. 505; In re John Hays Hammond, Jr., 37 F.(2d) 760, 17 C. C. P. A. (Patents) 803, and cases cited; In re John A. Spencer, 47 F.(2d) 806, 18 C. C. P. A. (Patents) 1041. See, also, In re Ora Krichbaum, 39 F.(2d) 280, 17 C. C. P. A. (Patents) 979; In re Irving L. Stern, 40 F. (2d) 1000, 17 C. C. P. A. (Patents) 1234.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.